Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6812 | **DATE** | 8/17/2011 |
| **CASE TITLE** | Donado vs. Pierce | | |

**DOCKET ENTRY TEXT**

Petitioner Saul Donado's motion to file late notice of appeal, request certificate of appeal, request to initiate appeal, and request for docketing statement [41] is taken under advisement. Briefing on the motion is ordered as follows: counsel for Petitioner (Ms. Najera) and counsel for Respondent are directed to file written submissions no later than 9/1/2011 addressing any pertinent factual or legal matters relating to the motion, as well as any argument on the separate issue of whether a certificate of appealability should be issued in this case. Petitioner may file by 9/1/2011 a supplemental memorandum if he wishes to present any additional information in support of his motion. The Clerk is directed to send a copy of this order to all counsel of record and to Petitioner at the Stateville address listed on the docket sheet, which the Court presumes is Petitioner's current address.

■[ For further details see text below.]

Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

By way of background, Petitioner is serving a sixty-year sentence in the Illinois Department of Corrections. At the time that he filed his petition for a writ of habeas corpus, Petitioner was in the custody of the Warden of the Pontiac Correctional Center. Petitioner has been represented by counsel from the outset of this case. In fact, prior to his *pro se* filing on August 3, 2011 of the instant motion and accompanying documents [36, 37, 38, 41], all of Petitioner's submissions in this case had been signed and filed by counsel.

At the time of the briefing on the petition, one issue that Petitioner raised had not been exhausted. However, on September 29, 2010, the Illinois Supreme Court's denied Petitioner's petition for leave to appeal. The entry of that order by the State's highest court mooted the exhaustion issue, thereby rendering the habeas petition ripe for ruling in its entirety by this Court. [See 27, 29, 32 (discussing exhaustion issue and its resolution).]

On February 1, 2011, this Court issued a thirty-eight page opinion [34] in which it denied the petition for writ of habeas corpus. On that same date, a document entitled "Notification of Docket Entry" [33] was prepared advising the parties of the Court's ruling. As the document states on its face, it was "sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure," which requires the Clerk of the Court to serve notice of the entry of an order or judgment on the parties to a civil case. In addition, the Court entered a Rule 58 judgment order [35] on February 1, 2011. Presumably, all of these documents were transmitted, both electronically and by mail, to

| STATEMENT |
|---|

counsel of record in this case, including counsel for Petitioner.

Petitioner did not file any post-judgment motions, nor did he file a notice of appeal within the thirty-day period set forth in Federal Rule of Appellate Procedure 4(a)(1)(A). However, in a document dated July 31, 2011, and placed on the docket on August 4, 2011, Petitioner (acting *pro se*) requested permission to file a late notice of appeal and sought a certificate of appealability. [41; see also 38]. He also filed a notice of appeal [36], which was docketed on August 3, 2011. In his motion, Petitioner claims that he did not learn of the denial of his habeas petition until July 25, 2011.

Because it is far too late to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) or to request an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), the Court must construe Petitioner's motion [41] as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). That Rule states as follows:

> (6) **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) was added in 1991 to provide "a limited opportunity for relief in circumstances where the notice of entry of judgment or order, required to be mailed by the clerk pursuant to [Fed. R. Civ. P. 77(d)], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Fed. R. App. P. 4(a)(6) advisory committee's note 1991 amendment. But Rule 4(a)(6) "does not grant a district judge carte blanche to allow untimely appeals to be filed. He must make findings that the conditions prescribed by the rule have been satisfied." *In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994). "[I]f a movant specifically denies receipt of notice, the district court must weigh the evidence and make a considered factual determination concerning receipt; the court ordinarily may not deny the motion out of hand based on proof of mailing." 20 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 304.14[3], at 304-71 (3d ed. 2011). In *Nunley v. City of Los Angeles*, 52 F.3d 792, 795-96 (9th Cir. 1995), the Ninth Circuit held that a party must make a specific factual denial of receipt to rebut the presumption that notice was received if sent. The court observed that although "[n]on-receipt is difficult to prove conclusively," a party may do so by submitting "affidavits regarding the usual practice of opening mail and actions consistent with non-receipt and an intent to file an appeal. A returned envelope or other indication of failed delivery is of course helpful, although undoubtedly not available in many cases. Similarly, actual receipt is difficult to show without using certified mail." *Id.* Counsel's representations in regard to whether – and, if so, when – they received notice of the Court's February 1 orders also may be useful in that regard, as of course would information concerning attempts made by Petitioner's counsel to notify Petitioner of those orders. It also may be pertinent to the inquiry whether Petitioner was

| STATEMENT |
|---|

transferred from Pontiac to another facility (such as Stateville) during the pendency of this case – and, if so, when the transfer occurred and whether Petitioner provided notice of the transfer to his attorney.

In order to adequately address the issues implicated in Petitioner's motion, the Court directs counsel for Petitioner (Ms. Najera) and counsel for Respondent to file written submissions no later than 9/1/2011 addressing any pertinent factual or legal matters relating to the motion. Petitioner also may file by 9/1/2011 a supplemental memorandum if he wishes to present any additional information in support of his motion.

Finally, the Court notes that "victory on his motion for leave to file a late notice of appeal" – or, more precisely, to reopen the time to file an appeal – "does not necessarily means that [Petitioner] is entitled to have the Seventh Circuit consider the merits of his appeal, as 28 U.S.C. § 2253 provides that he needs a certificate of appealability to pursue an appeal." *United States ex rel. Morgan v. Page*, 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999). If counsel wish to address the separate issue of whether a certificate of appealability would be appropriate in this case, they may do so in the written submissions that are due on or before 9/1/2011.