# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6812 | **DATE** | 10/5/2011 |
| **CASE TITLE** | Donado vs. Hardy | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Petitioner's motion to file late notice of appeal [41] is respectfully denied and Petitioner's motion for leave to appeal *in forma pauperis* [43] is denied as moot. In addition, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. Civ. P. 25(d)(1), Stateville Warden Marcus Hardy should be substituted in place of Pontiac Warden Guy Pierce as the Respondent in this case.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

**I.  Background**

This matter concerns Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on November 28, 2008. At the time that Petitioner filed his § 2254 petition, he was represented by counsel. After Respondent answered and Petitioner replied, the Court entered an order directing Petitioner to either (1) move to stay his federal habeas petition so that he could exhaust one of his unexhausted grounds of his ineffective assistance of trial counsel claim in state court, or (2) notify the Court that he wished to withdraw that ground from his federal habeas petition. Petitioner then moved to "temporarily withdraw without prejudice" his federal habeas petition "in its entirety." Respondent then notified the Court that the proceedings on Petitioner's unexhausted ground had concluded and that ground, though exhausted, was now procedurally defaulted. Respondent also noted that if Petitioner's habeas petition was dismissed without prejudice, absent a stay, a re-filed petition would be untimely under § 2244(d)(1)(A) because the filing of a § 2254 petition does not toll the statute of limitations. Following a hearing, the Court denied Petitioner's motion to withdraw as moot.

On February 1, 2011, the Court entered an order dismissing Petitioner's federal habeas petition with prejudice. Petitioner had 30 days from the date that order was entered—until March 3, 2011—to file a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(A). Petitioner (*pro se*) filed his notice of appeal on July 27, 2011. On August 1, 2011, Petitioner also filed a motion for leave to file a late notice of appeal and a request for a certificate of appealability. Petitioner's motion states that his counsel did not inform him that this Court dismissed his petition on February 1, 2011, and that he did not learn of the dismissal until July 25, 2011. However, counsel for Petitioner maintains that while she is not sure if she received a copy of the Court's opinion (she was moving offices at the time), she was informed when the writ for habeas corpus was denied and she in turn informed Petitioner and also informed Petitioner that he had no basis to file an appeal.

| STATEMENT |
|---|

On August 4, 2011, the Clerk's office transmitted the record on appeal to the Court of Appeals, which docketed Petitioner's appeal. On the same date, the Seventh Circuit ordered Petitioner to file a jurisdictional memorandum stating why his appeal should not be dismissed for lack of jurisdiction. On August 14, 2011, Petitioner mailed a "jurisdictional memorandum" to this Court, stating that he called his attorney on July 25, 2011 and was informed by his attorney's secretary that his attorney no longer represented him. Petitioner alleges that up until that point, he believed that proceedings on his federal habeas petition had been stayed.

## II.     Analysis

As the Court noted in its August 17, 2011 order, it is too late for Petitioner to file a notice of appeal under Federal Rule of Appellate Procedure (FRAP) 4(a)(1)(A). FRAP 4 provides two avenues by which parties may seek to extend the time to file a notice of appeal. The first is through FRAP 4(a)(5) which allows the district court to extend the time to file a notice of appeal if (i) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires;" and (ii) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). It also is too late to request an extension of time to file a notice of appeal under this Rule because Petitioner's notice of appeal was filed more than 30 days after the time prescribed by FRAP 4(a) expired on March 3, 2011—30 days after the Court entered its order dismissing the petition with prejudice. See Fed. R. App. P. 4(a)(1)(A). Therefore, to move for an extension of time under FRAP 4(a)(5), Petitioner had to file his motion no later than April 2, 2011—30 days after the time prescribed by Rule 4(a) expired. However, Petitioner did not file his notice of appeal until July 27, 2011.

The second option is through FRAP 4(a)(6), which permits the district court to reopen the time for filing a notice of appeal for 14 days after the date when an order to reopen is entered provided that the following conditions are met: (i) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (ii) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and (iii) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

On February 1, 2011, the Court issued a memorandum opinion and order denying Petitioner's § 2254 petition. On that same date, a Rule 58 judgment order was entered and a "notification of docket entry" was prepared advising the parties of the Court's opinion and order denying Petitioner's habeas petition and sending notice of judgment pursuant to Rule 77(d) of the Federal Rules of Civil Procedure. On that date, Respondent's counsel received notice of these documents electronically. Because Petitioner's counsel was not a registered user of the CM/ECF system, the electronic notification of the Court's opinion and the Rule 58 judgment noted that on February 1, 2011, notice of these documents were "delivered by other means" to Petitioner's counsel. In her reply, Petitioner's counsel states that "she believes she did not receive the thirty-eight page opinion of the court denying petitioner's writ for habeas corpus." However, she concedes that she was informed of the denial of his petition and that she in turn informed Petitioner of the denial and also informed Petitioner that he had no basis to file an appeal because his claim was "weak." As explained in footnote 2 below, the Court concurs in counsel's assessment of Petitioner's prospects on appeal, and thus denies (in a separate order) Petitioner's request for a certificate of appealability. But first the Court will address the procedural issue that threatens to derail his appeal on jurisdictional grounds at the outset.

Petitioner's motion for leave to file a late notice of appeal states that he learned of the February 1, 2011 denial of his habeas petition on July 25, 2011. He subsequently mailed his notice of appeal on July 27, 2011, and his motion for leave to file a late notice of appeal on August 1, 2011. Therefore, Petitioner's motion was

filed within 180 days after judgment was entered and within the 14 day-period prescribed by FRAP 4(a)(6)(B).

Petitioner alleges that his counsel never sent him a copy of the judgment, thereby raising the question of whether he received sufficient notice under Federal Rule of Civil Procedure 77(d). However, when counsel is given notice of the entry of judgment, that notice in most circumstances is imputed to the client. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 397 (1993) ("each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation marks omitted); *Resendiz v. Dretke*, 452 F.3d 356, 362 (5th Cir. 2006) (notice received by counsel is imputed to client); see also *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004) ("[Lawyers are agents. Their acts (good and bad alike) are attributed to the clients they represent."). Because Petitioner's counsel concedes that she did, in fact, receive notice that Petitioner's habeas petition had been denied while she was still representing Petitioner, notice of the judgment is imputed to Petitioner, rendering Petitioner unable to satisfy the first condition for relief under FRAP 4(a)(6). See *Resendiz*, 452 F.3d at 362 (citing *Herrera v. I.N.S.*, 2 Fed. Appx. 603, 604 (8th Cir. 2001) (non-precedential decision) (holding notice to counsel of judgment constituted notice to petitioner and finding Rule 4(a)(6) motion untimely); *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995)); *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994) (holding that notice to counsel constitutes notice to party for purposes of Rule 4(a)(6)); *Wagan v. Alameida*, 2009 WL 226040, *1 (9th Cir. Jan. 30, 2009) (nonprecedential decision). **[FN 1]**

> **[FN 1]** Notwithstanding the imputation rules set forth above, the better practice would have been for counsel to have transmitted a copy of the Court's written decision to her client at or near the time that she gave him the news of the disposition of his petition.

Any claim by Petitioner that the time for filing an appeal should be tolled due to counsel's ineffectiveness or failure to transmit notice to him of the Court's judgment is unavailing because the "timely filing of a notice of appeal in a civil case is a jurisdictional requirement" for which no equitable exception exists. See *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that time limits specified in FRAP 4 are "jurisdictional" and overruling prior cases recognizing "exceptional circumstances" doctrine under which untimely filing could be excused); *cf. Holland v. Florida*, 130 S. Ct. 2549, 2560, 2561 (2010) (allowing equitable tolling of AEDPA's statute of limitations because limitations period is not jurisdictional). "Federal courts are without authority to fashion equitable exceptions to FRAP 4's time limits, even where the outcome is indisputably unfair." *Wagan*, 2009 WL 226040 at *1 (citing *Bowles*, 551 U.S. at 214).

The outcome arguably might be different if Petitioner could demonstrate that counsel abandoned him prior to judgment. However, the record demonstrates that at the time of the February 1, 2011 judgment, Petitioner was represented by counsel: counsel filed Petitioner's habeas pleadings, handled motion practice in the months immediately preceding the Court's disposition, and never moved to withdraw prior to judgment. Furthermore, Petitioner's counsel confirmed in her response brief that she was notified of the Court's judgment denying habeas relief and she states affirmatively in her response brief that she informed Petitioner that his petition was denied and that she did not believe he had a basis to file an appeal because his claim "was weak." According to Petitioner's version of the events, counsel neither sent him a copy of the Court's decision nor notified him of the content of the ruling. There is no need to resolve that dispute because, as explained above, counsel acknowledges receiving notice of the decision and resulting entry of judgment and that notice is imputed to Petitioner as a matter of law.

In sum, although Petitioner may have filed his motion to reopen the time to file a notice of appeal within the

| STATEMENT |
|---|
| time prescribed for filing such motions under FRAP 4(a)(6)(B), Petitioner failed to demonstrate that his lawyer did not receive notice of this Court's judgment within 21 days after its entry pursuant to FRAP 4(a)(6)(A). Because (1) notice to counsel is imputed to Petitioner and (2) Rule 4's time requirements are jurisdictional, Petitioner's motion to file a late notice of appeal [41] must be denied and his motion for leave to appeal *in forma pauperis* [43] is denied as moot. **[FN 2]** <br><br>    **[FN 2]** As the Court previously explained [see 42, at 3], even if the Court were able to grant relief under FRAP 4(a)(6), Petitioner still would need to obtain a certificate of appealability before he could proceed with his appeal. As explained in a separate minute order issued today, Petitioner cannot make the requisite showing to justify the issuance of a certificate of appealability in this case. |